UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JO-ANN SCEVOLA,

                    Plaintiff,

    -against-

NEW YORK SPORTS AND JOINTS ORTHOPAEDIC
SPECIALISTS PLLC and KENNETH ERIK
MCCULLOCH,

                    Defendants.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

18 Civ. 5696 (GBD) (KHP)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Jo-Ann Scevola brings this action against Defendants New York Sports and Joints Orthopaedic Specialists PLLC ("NYSJOS") and Kenneth Erik McCulloch for an award of attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c), as incurred in connection with a remand of this action to New York State Supreme Court. (Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 30.) Plaintiff was employed by NYSJOS as a physician liaison from August 2016 through her resignation in April 2017. (Notice of Removal, Ex. A (Verified Compl.), ECF No. 1-1, ¶¶ 22, 38.)

    On May 22, 2018, Plaintiff initiated this action by filing a complaint against Defendants in New York State Supreme Court for breach of contract[1] and failure to pay certain compensation in violation of the New York Labor Law. (*Id.*) On June 22, 2018, Defendants removed this action to this Court, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, on the basis that "Plaintiff's [c]omplaint raises claims for benefits that are 'completely preempted'" by the Employee Retirement Income Security Act of 1974 ("ERISA"), Pub. L. No. 93-406, 88 Stat. 829 (1974)

---

[1] Plaintiff alleged that Defendants breached her employment contract by failing to provide: (1) certain personal time off, including vacation, sick, and personal days; (2) health coverage; (3) a 401(k) plan; (4) reimbursement of travel expenses; and (5) a non-discretionary bonus. (*Id.* ¶¶ 48–52.)

(codified as amended at 29 U.S.C. §§ 1001–1461 and in scattered sections of 26 U.S.C.) (Notice of Removal, ECF No. 1, ¶¶ 5–14.) On July 20, 2018, Plaintiff filed a motion to remand this case, which this Court granted on November 20, 2018. (Order, ECF No. 19.) Shortly thereafter, on November 28, 2018, Defendants filed a motion for reconsideration, which this Court denied. (Order, ECF No. 31.) Finally, on May 2, 2019, Plaintiff filed the instant motion for attorneys' fees and costs. (Pl.'s Mot. for Att'y's Fees and Costs.)

Before this Court is Magistrate Judge Katherine H. Parker's August 15, 2019 Report and Recommendation (the "Report"), recommending that Plaintiff's motion for attorneys' fees and costs be denied.[2] (Report, ECF No. 37, at 5.) Magistrate Judge Parker advised the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Id. at 6.) No objections to the Report have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report's recommendation in full.

## I.     LEGAL STANDARD

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

---

[2] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

2

## II. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS IS DENIED

Magistrate Judge Parker appropriately found that Plaintiff's request for fees and costs is not warranted. Under 28 U.S.C. § 1447(c), a district court's "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A court will evaluate whether a basis for removal is "objectively reasonable" by considering the circumstances at the time of the removal. *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011). Finally, "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Martin*, 546 U.S. at 141. Here, as Magistrate Judge Parker correctly found, "there continues to be active debate about the scope of ERISA preemption and its application in specific cases," and accordingly, "it was not objectively unreasonable for Defendant to argue that ERISA governed the dispute" and seek removal, even though Defendant lost this argument. (Report at 5.) Thus, Magistrate Judge Parker correctly determined that "an award of fees and costs is not warranted." (*Id.*)

Additionally, Magistrate Judge Parker correctly found that "Plaintiff has not properly supported her fee application with detailed, contemporaneous time records," which is "a basis to deny an application for fee." (*Id.*) The Second Circuit has held that a party must "document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, as Magistrate Judge Parker appropriately

3

concluded, given that Plaintiff's counsel failed to "provide contemporaneous time records or receipts for costs incurred," Plaintiff's fee application is not properly supported. (Report at 5.)

Thus, as the Report correctly found, denial of Plaintiff's motion for attorneys' fees and costs is appropriate. (*Id.*)

### III. CONCLUSION

Magistrate Judge Parker's Report is ADOPTED. Plaintiff's motion for attorneys' fees and costs, (ECF No. 30), is DENIED. The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
November 8, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4